```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                       CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action 05-005 |
| | § | |
| LUIS JAVIER CORONA, | § | |
| | § | |
|     Defendant. | § | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On this day came on to be heard Plaintiff's Motion for Summary Judgment. For the reasons stated herein, the Court GRANTS the Plaintiff's Motion for Summary Judgment.

**I. Jurisdiction**

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1345 because the United States is a party in the suit.

**II. Facts**

The above-captioned cause of action involves the alleged failure by Defendant Luis J. Corona ("Defendant") to make required student loan repayments. The Government filed a Complaint in the instant case on January 6, 2005, detailing the outstanding amounts due but not paid by Defendant. Specifically, the Government (1) outlined the debt owed by Defendant in the amount of $49,432.19, and (2) attached a Certificate of Indebtedness for the debt.

On March 1, 2005 Defendant filed his answer denying his indebtedness in this matter. On March 29, 2005, the Government filed the instant Motion for Summary Judgment. Defendant has not

responded.[1]  The court now considers the Government's Motion for Summary Judgment.

**III. Discussion**

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Judwin Properties, Inc. v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).  The substantive law identifies which facts are material. Anderson, 477 U.S. at 248, 106 S. Ct. at 2510; Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

---

[1] Such failure to respond to a motion for summary judgment does not alone support the automatic granting of the motion. The moving party still must establish the absence of a genuine issue of material fact. See, e.g., Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir.1988); John v. Louisiana, 757 F.2d 698, 709 (5th Cir. 1985); Jones v. Fountain, 121 F. Supp. 2d 571, 572 (E.D. Tex. 2000). Nonetheless, the Court will generally assume that the movant's facts as claimed and supported by admissible evidence are uncontroverted and undisputed. See, e.g., Ceasar v. Lamar Univ., 147 F. Supp. 2d 547, 551 (E.D. Tex. 2001); see also Eversley, 843 F.2d at 174.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1046-1047 (5th Cir. 1996). If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, the movant must come forward with evidence that establishes "beyond peradventure all the essential elements of the claim or defense to warrant judgment in [its] favor." Fontenot v. UpJohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). However, if the nonmovant bears the burden of proof, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. Celotex Corp., 477 U.S. at 325; Ocean Energy II, Inc. v. Alexander & Alexander, Inc., 868 F.2d 740, 747 (5th Cir. 1989). Once the moving party has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995)(When the movant has satisfied its initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "In such situation, there

can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 323.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing Munoz v. International Alliance of Theatrical Stage Employees, 563 F.2d 205, 207 n. 1 (5th Cir. 1977)).  In considering a motion for summary judgment, the court cannot make credibility determinations, weigh the evidence, or draw inferences for the movant. Anderson, 477 U.S. at 255. The court must draw all justifiable inferences from the summary judgment evidence in the light most favorable to the nonmovant. Id. at 255; Pasant v. Jackson Nat'l Life Ins. Co., 52 F.3d 94, 96 (5th Cir. 1995). Neither conclusory allegations nor unsubstantiated assertions will satisfy a nonmovant's burden. See Celotex Corp., 477 U.S. at 322-23; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986); Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999)("Conclusory allegations, speculation, and unsubstantiated assertions are not evidence" in a summary judgment motion); Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996); Little v. Liquid Air Corp., 37 F.3d 1069, 4075 (5th Cir. 1994)(en banc).

The Government has presented a prima facie case of Defendant's default on unpaid student loans by showing that Defendant signed

the note; the Government is the present holder of the note; and the note is in default.  See United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001).  Specifically, the Government has provided copies of the loan documents and outlined the amounts currently owed.  These documents establish that Defendant executed promissory notes for federally-insured student loans on April 27, 1987.  (Liu Aff., Ex. A).  The Government states that it has demanded that Defendant pay the indebtedness, but Defendant has failed to do so. (Compl. ¶ 4.)

The Government also includes a copy of the Certificate of Indebtedness issued by the United States Department of Education; the amounts due as set out in this Certificate corresponds to the amounts the Government claims Defendant owes but has not paid. (Compl. Ex. A).  Finally, the Government has attached the affidavit of J. Michael Weston, an attorney in the law firm representing the Government, which provides support for the Government's request for attorney's fees.  (Weston Aff.)

The burden then shifts to Defendant to "set forth specific facts showing there is a genuine issue for trial, not just to rest upon the mere allegations or denials of the adverse party's pleadings."  Lawrence, 276 F.3d at 197.  Defendant has offered no defense to the claim that he owes money on his student loans.

In sum, the Government has provided ample documentary evidence to support its claim that Defendant owes the amounts as stated in the Government's Motion.  Defendant has provided no evidence to

refute the Government's claim. Accordingly, the Government has met its burden and is entitled to summary judgment in its favor.

**IV. Conclusion**

For the forgoing reasons, the Court GRANTS Plaintiff's Motion for Summary Judgment. It is adjudged that the United States of America recover from Defendant as to the Note dated April 27, 1987:

1. The balance due as of October 18, 2004 of $49,432.19, plus
2. Prejudgment interest from October 18, 2004 at 9.00% per annum, being $8.36 per day, plus
3. Attorney's fees of $750.00 and all costs of court, plus
4. Post-judgment interest at 3.84% per annum.

SIGNED and ENTERED this 11th day of August, 2005.

_____
Janis Graham Jack
United States District Judge